REMICK *versus* BROWN & al.

Although an execution debtor, enlarged upon having given a debtor's six months relief bond, may have taken the poor debtor's oath within six months from the execution of the bond, yet, if he disclosed a valuable interest in any chose in action, and omitted to have it appraised, there is a breach of the bond.

Where an execution debtor has mortgaged a chose in action for the security of one of his creditors, and it be proved that the same was not of sufficient value to secure such creditor, the debtor's omission to cause the same to be appraised before taking the poor debtor's oath, will be considered of no *actual* damage to the creditor.

DEBT upon an execution debtor's relief bond.

To prove that the condition of the bond had been performed, the defendants relied upon a discharge certificate issued by two justices. To defeat that certificate, the plaintiff introduced the original disclosure of the debtor, made before the justices, in which, among other matters, he stated that he "gave to his wife a note against Babcock, upon which she has collected some few dollars; $30 or $40 in all." It was admitted by the parties that "the Babcock note was a note payable to said debtor for $200, and that Babcock had not at that time, nor has he now any attachable property. The debtor also disclosed that a balance was due on some notes against one Dudley, which were "to be given up, if Dudley drinks nothing." The debtor further disclosed as follows, viz. : "Mr. McDonald has my household furniture, stock, &c. mortgaged to him and recorded; part he holds under receipt for me. Hall & Co. and G. & L.'s notes to amount of $6000, he has. I presume they are good. There was $6000 in the beginning; balance now about $2400. There are other notes among those embraced in assignment put on record, and not delivered yet. I have assigned to him all my demands." Mr. McDonald testified that the personal property assigned to him was insufficient for his security.

The case was submitted to the court for a legal judgment.

*Clifford,* for the plaintiff.

1. There were notes against third persons, in which the

Remick *v.* Brown.

debtor had an interest.    It was his duty to cause that interest to be appraised.    Not having so done, there was a forfeiture of the bond.    29 Maine, 368 ; 19 Maine, 265 and 46 ; 21 Maine, 480 ; 26 Maine, 200 ; R. S. ch. 148, sect. 29 and 30.

2.  The plaintiff is entitled to full damages.    R. S. ch. 115, sect. 78 ; Stat. 1848, ch. 85, sect. 2.                                      -

*Deblois*, for the defendant.

There is but one question.    It relates to the amount of damage, if any, to be recovered.    Before the plaintiff can recover, he must show *actual* damage.    The notes against Dudley are to be given up, on condition that he drinks nothing.    The consideration of this bargain was a legal one.    I believe the condition has thus far been performed.    At any rate, there is no property in the notes, capable to be assigned or appraised.    The Babcock note was of no value.    For it is the admission of the parties, that he had no attachable property.

*Clifford*, in reply.

There is nothing to show or to furnish a presumption, that the Dudley note is not collectable.    The presumption is, till disproved, that all notes are good.    If the condition annexed to it were legally binding, still the debtor's interest in it ought to be appraised.    So of the note against Babcock.    Though not now collectable, it may be hereafter.

WELLS, J., orally. —

It is well settled that a debtor, having an interest in a chose in action, must cause it to be appraised, before he is entitled to an administration of the oath.

The oath taken in this case by the debtor being unauthorized, there was a breach of the bond.    By the R. S. chap. 148, sect. 39, the obligee in the bond was, in such cases, entitled to recover the full amount of the execution.    But that rule has been changed by the Act of 1848, which provides, that, if the oath was *in fact* taken *before* a breach, the creditor can recover but the *actual* damage.    In this case, the oath was taken within the six months, and *before* any breach.

The debtor discloses notes against Dudley and Babcock and some other notes, and at the conclusion of the disclosure asserts that he had assigned *all* his demands to McDonald. And McDonald testifies that all the property and demands assigned to him were not sufficient for his security. There was therefore, in the notes, nothing of value remaining in the debtor, and the non-appraisal of them could be of no injury to the creditor, who appears to have suffered no *actual damage* by the breach of the bond. *Plaintiff nonsuit.*